OPINION
{¶ 1} This appeal, submitted on the briefs of the parties, arises from the Ashtabula County Court of Common Pleas wherein, appellant, Lewis H. Mann, was convicted of complicity to trafficking in cocaine, a fifth degree felony.
 {¶ 2} On May 1, 2001, a "buy bust operation" was conducted by the Ashtabula Police Department, Detective Bureau and the Bureau of Alcohol, Tobacco and Firearms, whereby undercover police officers would attempt to buy illicit drugs from individuals and then arrest those individuals. The target area was Station Avenue and its proximity, an area known for high drug activity.
 {¶ 3} Patrolman Cleveland of the Ashtabula Police Department was working the buy bust operation undercover, wearing civilian clothing and driving an unmarked police car. He wore a hidden microphone system, through which he communicated with other officers involved in the operation who were not physically present.
 {¶ 4} Patrolman Cleveland traveled southbound on Station Avenue when he saw an individual he recognized as appellant, riding a bicycle in front of the Thurgood Marshall Elementary School. As Patrolman Cleveland drove past, appellant motioned at the officer to come over. Patrolman Cleveland testified that he perceived this as a signal for an offer to buy drugs, based on his experience in drug arrests. Patrolman Cleveland turned his car around and noted that appellant had summoned another car, described as a black Ford Thunderbird, and had approached it on his bicycle. Patrolman Cleveland pulled up behind appellant and the other car and asked if appellant could "hook him up." Cleveland testified that appellant responded, "yeah, follow me."
 {¶ 5} Appellant then got off the bicycle and entered the front passenger seat of the Thunderbird. Cleveland followed the Thunderbird to a house on the next block. The Thunderbird parked in the street, and Cleveland pulled into the driveway. Cleveland witnessed appellant get out of the Thunderbird and speak to a man standing on the tree lawn. As he talked with the man, appellant motioned to both the Thunderbird and Cleveland's car. The man yelled to a woman on the porch of the home and told her to "see what [Cleveland] wants." The woman, later identified as Tamara Singletary, approached Cleveland's car. Cleveland asked her if he could purchase some crack cocaine for $50. Singletary told Cleveland to wait while she went into the house. She returned a short time later with crack cocaine. Cleveland gave Singletary $50 and sent a signal to other officers via a hidden microphone system that he was about to make the arrest. As the other officers were responding following the signal, Cleveland drew his handgun, stepped out of the car, identified himself as a police officer, and informed Singletary that she was under arrest. He ordered her to get on the ground.
 {¶ 6} Cleveland noted that prior to Singletary's arrest, appellant had returned to talk with the man in the tree lawn but once Cleveland identified himself as a police officer, appellant took off running. Police officers were not able to detain appellant at that time. He was later arrested on a warrant.
 {¶ 7} Appellant was indicted on one count of complicity to trafficking in cocaine, a felony in the fifth degree. Appellant pled not guilty. A jury trial commenced on April 8, 2002. Appellant was found guilty and subsequently sentenced to a nine-month term of incarceration. He filed this subsequent appeal, citing three assignments of error.
 {¶ 8} The first assignment of error is:
 {¶ 9} "The evidence produced at trial was insufficient to convict appellant of complicity to trafficking in cocaine."
 {¶ 10} In his first assignment of error, appellant contends that his conviction was against the manifest weight of the evidence.
 {¶ 11} In determining whether a verdict is against the manifest weight of the evidence, "'"the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."'"[1]
 {¶ 12} Appellant asserts that the testimony of the state's two witnesses, Patrolman Cleveland and Detective Robert Pouska, is "contradictory and unconfirmed." We disagree. Appellant contends that Patrolman Cleveland's testimony regarding his conversation with appellant, asking if appellant could "hook him up" with drugs, was the only conversation between the two and was not recorded. He also asserts that Detective Pouska, who was not present but was listening to a recording device attached to Patrolman Cleveland, could not confirm that the conversation ever took place, thus making it suspect.
 {¶ 13} We find no merit to this line of argument. The situation involved an undercover drug bust operation, which was relayed to another party not at the scene. The fact that Detective Pouska testified that portions of the conversation were not audible to him is not a contradiction to Patrolman Cleveland's testimony.
 {¶ 14} Appellant also argues that, since Patrolman Cleveland testified that appellant ran from the scene, while Detective Pouska testified that he saw appellant get in a car and drive away from the scene, the testimony is contradictory and should not be believed. From this, appellant argues that the jury clearly lost its way in reaching a guilty verdict.
 {¶ 15} We find no merit to appellant's argument. The jury is in the best position to judge the credibility of witnesses, as they can observe them and assess their overall demeanor.[2] Slight variances in testimony regarding whether appellant fled on foot or entered a car do not warrant the reversal of the jury's verdict. The jury was presented with ample evidence, through the testimony presented from both Patrolman Cleveland and Detective Pouska, on which to base their verdict of guilty of complicity to trafficking in cocaine.
 {¶ 16} Appellant's first assignment of error is without merit.
 {¶ 17} The second assignment of error is:
 {¶ 18} "The appellant was denied his constitutional right to a fair and impartial trial due to the misconduct of the prosecuting attorney."
 {¶ 19} In his second assignment of error, appellant argues that improper statements by the prosecution deprived him of a fair trial. Specifically, appellant refers to statements made during the direct examination of Patrolman Cleveland and during closing argument.
 {¶ 20} Our role in resolving whether prosecutorial misconduct has occurred is two-fold. First, we must determine whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the appellant.[3]
 {¶ 21} Appellant first contends that the assistant prosecutor's statements during closing arguments were improper. The prosecution is given wide latitude in closing argument to state what it feels the evidence has demonstrated and what inferences can be drawn from that evidence.[4]
 {¶ 22} In the instant case, during closing the prosecution made the following statement:
 {¶ 23} "And he's just as guilty as Miss Singletary and he's just as guilty as every individual, every other tour guide who has brought the customer to the store.
 {¶ 24} "And based on this evidence, ladies and gentlemen, I ask you, I plead with you, follow those jury instructions. Read them. And I ask you to follow the law and I ask you to hold this defendant responsible for his actions on May 1, 2001, for this role with this problem of drug activity, for his role in that problem right there."
 {¶ 25} Defense counsel objected to the statement, which the trial court sustained, ordering counsel to "watch this line of argument." It is incumbent upon defense counsel to request a curative instruction from the court.[5] When instructing the jury, the trial court stated, "[t]he evidence does not include the indictment, opening statements or closing arguments of counsel. The opening statements and closing arguments of counsel are designed to assist you. They are not evidence."
 {¶ 26} Taking note of the latitude given to counsel during closing argument, we find that the statement by the prosecution was not, in itself, improper. Moreover, we do not find that the statement prejudicially effected a substantial right, particularly in light of the trial court's admonishment and statement to the jury regarding the closing argument's evidentiary value.
 {¶ 27} Appellant also takes issue with the prosecution's direct examination of Patrolman Cleveland. Specifically, the prosecution asked Cleveland to describe the area where the incident occurred and why it had been identified as a high drug activity area. Cleveland responded, "[t]he portion of Station Avenue that is the high drug activity runs *** north off of Route 20. From Route 20 intersecting into West 32nd Street, the area and off-shoot streets around that have a lot of Ashtabula Metropolitan AMHA housing, which is low-income housing and lower income rentals. These rentals are often not well taken care of and---."
 {¶ 28} Defense counsel then objected, and it was sustained. Appellant also cites another statement by Patrolman Cleveland regarding commonly used drug terms: "I pulled my car almost like double parking next to the car but behind Mr. Mann, yelled out the window and asked if he could hook me up. That's a common term that's used on the streets." Defense counsel again objected to that statement, which was sustained.
 {¶ 29} Appellant contends that these statements had a "constant pattern developed to impress upon the jury that the neighborhood had constant drug activity and a conviction of the appellant would clean up the neighborhood from such illegal activity." We disagree. The statements made by Patrolman Cleveland were not improper. Commenting on police procedure regarding drug terms used on the street was important to demonstrate an intent by appellant to engage in an illegal drug transaction. The statement regarding the area of the buy bust operation was also not improper, but merely described the area in question. Moreover, counsel's objections were sustained by the court, and counsel never requested a curative instruction at any time during the line of questioning. Appellant has also not demonstrated that either statement affected a substantial right, and that the jury would not have found appellant guilty, absent the statements.[6]
 {¶ 30} Appellant's second assignment of error is without merit.
 {¶ 31} The third assignment of error is:
 {¶ 32} "The trial court erred to the prejudice of appellant when instructing the jury when it included the flight instruction."
 {¶ 33} In his third assignment of error, appellant contends that the trial court erred in providing a flight instruction to the jury. Pursuant to Crim.R. 30(A), a party may not assign as error the giving or failure to give a jury instruction unless the party objects to the instruction before the jury retires to consider its verdict.
 {¶ 34} Appellant concedes that no objection was made by defense counsel, but argues that the instruction constitutes plain error. He argues that there was no evidence presented that appellant fled the scene after being told to remain and, thus, no flight occurred.
 {¶ 35} Patrolman Cleveland made the following statement on direct examination, "[u]pon my exiting the vehicle and identification as a police officer, [appellant] took off running, I believe, southbound on West 40th Street, again towards Todd Avenue."
 {¶ 36} There is no requirement that a flight instruction only be given once it is established that a defendant was told to remain but instead fled. Appellant has not demonstrated plain error, and the trial court properly gave the flight instruction.
 {¶ 37} Appellant's third assignment of error is without merit.
 {¶ 38} Thus, appellant's assignments of error are without merit and the judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.
[1] (Citations omitted.) State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *15.
[2] (Citation omitted.) State v. McGriff (Dec. 7, 2001), 11th Dist. No. 2000-T-0043, 2001 Ohio App. LEXIS 5445, at *11.
[3] State v. Smith (2000), 87 Ohio St.3d 424, 442.
[4] State v. DeRose, 11th Dist. No. 2000-L-076, 2002-Ohio-4357, at ¶ 45.
[5] State v. Davie (1997), 80 Ohio St.3d 311, 322.
[6] State v. Treesh (2001), 90 Ohio St.3d 460, 464.